NOT FOR PUBLICATION                                                         (Doc. No. 13)
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| ANN KORSEN, | |
| Plaintiff, | Civil No. 15-283-RBK-AMD |
| v. | |
|  | **OPINION** |
| LEICA MICROSYSTEMS, INC. And DANAHER CORPORATION, | |
| Defendants. | |

**KUGLER,** United States District Judge:

This matter comes before the Court on Defendant Danaher Corporation's ("Danaher") Motion to Dismiss with prejudice Plaintiff Ann Korsen's ("Plaintiff") Complaint to the extent it brings claims against Danaher. (Doc. No. 13.) For the reasons stated herein, Danaher's Motion to Dismiss is granted in part. The case against Danaher is dismissed without prejudice for lack of personal jurisdiction.

I.   BACKGROUND

   A.  The Parties

Plaintiff Ann Korsen is a resident of the State of New Jersey. (Compl. ¶ 1, Doc. No. 1.) She was hired as a Sales Representative by the predecessor of Defendant Leica Microsystems, Inc. ("Leica") on April 20, 1983 and remained at Leica for over thirty years. (Id. ¶ 28.) She last served as Leica's Director of Sales & Marketing – Nanotechnology, a position she held from January 1, 2006 until her termination on November 19, 2013. (Id. ¶ 33.)

Plaintiff names Leica and Danaher as Defendants. Leica is incorporated in Delaware with its principal place of business at 1700 Leider Lane, Buffalo Grove, IL 60089. (Id. ¶ 3.) Danaher is incorporated in Delaware and maintains its principal place of business at 2200 Pennsylvania Avenue, Washington, D.C. 20037. (Id. ¶ 8.) Danaher acquired Leica in 2005. (Id. ¶ 29.)

### B. Factual Background

On March 10, 2014, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), complaining that Defendants discriminated and retaliated against her. (Id. ¶ 25.) On October 17, 2014, the EEOC issued Plaintiff a Notice-of-Right-to-Sue. (Id. ¶ 26.) Plaintiff filed the present Complaint on January 14, 2015, alleging that Defendants subjected her to a hostile work environment and sex-based discrimination in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, *et seq.* ("Title VII") and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1, *et seq.* ("NJLAD"); age-based discrimination in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* ("ADEA") and the NJLAD; and retaliation in violation of Title VII, the NJLAD, and the ADEA for reporting her discrimination.

Danaher now moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or alternatively, under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Having been briefed by the parties, the issues are ripe for the Court's consideration.

## II.   LEGAL STANDARD

When a defendant raises a personal jurisdiction objection, the plaintiff bears the burden of showing that jurisdiction is proper. Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d

1217, 1223 (3d Cir. 1992).  A plaintiff meets this burden by presenting a prima facie case for the exercise of personal jurisdiction, which requires that he or she establish "with reasonable particularity sufficient contacts between the defendant and the forum state."  Id. (citing Provident Nat'l Bank v. California Fed. Sav. & Loan Ass'n, 819 F.3d 434, 436 (3d Cir. 1987)).  It is insufficient to rely on bare pleadings alone; rather a plaintiff must establish facts relevant to personal jurisdiction by affidavits or other competent evidence.  Patterson v. Fed. Bureau of Investigation, 893 F.2d 595, 603–04 (3d Cir. 1990) (citing Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 67 n.9 (3d Cir. 1984)).

### III. DISCUSSION

Sitting in New Jersey, the Court may exercise jurisdiction over an out of state defendant only to the extent authorized by the state's long arm statute.  IMO Indus., Inc. v. Kiekert, AG, 155 F.3d 254, 259 (3d Cir. 1998).  The New Jersey statute, however, permits the exercise of personal jurisdiction to the fullest extent permissible under the Due Process Clause.  Id.; see Carteret Sav. Bank, FA v. Shushan, 954 F.2d 141, 145 (3d Cir. 1992) (citing N.J. Court R. 4:4–4(c)) ("The New Jersey long-arm rule extends to the limits of the Fourteenth Amendment Due Process protection.").  Thus, the Court applies general principles of federal constitutional law in order to determine whether it may exercise jurisdiction over Danaher.

The exercise of personal jurisdiction over a non-resident defendant depends upon whether that defendant has established "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice."  Telcordia Tech Inc. v. Telkom SA Ltd., 458 F.3d 172, 177 (3d Cir. 2006) (quoting Int'l Shoe v. Washington, 326 U.S. 310, 316 (1945)).  In particular, when a defendant establishes minimum contacts, the Court may exercise so-called "specific personal jurisdiction" over that

defendant for claims arising out of those contacts. Carteret Sav. Bank, 954 F.3d at 149. In determining whether specific personal jurisdiction exists in a given claim, the principal inquiry is whether the defendant, by some affirmative act, has "purposely avail[ed] itself of the privilege of conducting activities within the forum state." Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1948)). Alternatively, a court may exercise "general personal jurisdiction" over a defendant that has "maintained systematic and continuous contacts with the forum state" such that the defendant is essentially "at home" in the forum state. Marten v. Godwin, 499 F.3d 290, 296 (3d Cir. 2007) (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414–15 & n.8 (1984)); Goodyear Dunop Tires Operations, S.A. v. Brown, 131 U.S. 2846, 2851 (2011). If a defendant maintains this level of contact with the forum state, personal jurisdiction will lie regardless of the claim's subject matter.

In this instance, the Court finds that Plaintiff has not met her burden of proof in establishing that Danaher has the requisite minimum contacts with the State of New Jersey in order to be subject to specific jurisdiction here. First, Plaintiff alleges nothing to demonstrate that "the particular cause of action sued upon arose from the defendant's activities within the forum state." Provident Nat'l Bank, 819 F.3d at 437. To the contrary, Plaintiff's Complaint alleges that the conduct underlying her claims took place in Illinois. Second, even assuming that Danaher is indeed Plaintiff's employer,[1] Plaintiff has not pled any facts demonstrating that Danaher deliberately targeted the forum. "[C]ontacts with a state's citizens that take place outside the state are not purposeful contacts with the state itself." O'Connor v. Sandy Lane

---

[1] Defendant argues that Danaher is not actually Plaintiff's employer, and the parties have extensively briefed this issue. However, the Court has not reached the merits of this dispute in light of the jurisdictional defect.

Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007). Consequently, the Court finds that it does not have specific personal jurisdiction over Danaher.

The Court also finds that Plaintiff has not pled facts sufficient to establish general jurisdiction over Danaher. Plaintiff states in her Complaint only that Danaher is "engaged in an industry affecting interstate commerce and regularly does business in the State of New Jersey." (Compl. ¶ 9). Such a "bare pleading" is not sufficient to establish personal jurisdiction, and Plaintiff has not provided any affidavits of other evidence to establish the requisite jurisdictional facts. Time Share Vacation Club, 735 F.2d at 66 n.9. Although the District of New Jersey has held that regularly doing business with the State can be one factor in finding general jurisdiction, see Copeland Surveying, Inc. v. Richard Goettle, Inc., No. 06-1189 (JHR), 2006 WL 1644870, at *3 (D.N.J. June 12, 2006), Plaintiff has not provided sufficient evidence here to establish the requisite "continuous and systematic" contacts needed to show that Danaher is essentially "at home" in New Jersey. Goodyear Dunlop Tires Operations, 131 S. Ct. at 2851.

### CONCLUSION

For the foregoing reasons, the Court will grant Defendant's Motion to Dismiss the Plaintiff's Complaint as to Defendant Danaher for lack of personal jurisdiction. The case is therefore dismissed without prejudice as to Danaher. An appropriate order shall follow.

Dated: 12/2/2015                         s/Robert B. Kugler
                                                                                    ROBERT B. KUGLER
                                                                                    United States District Judge